Brennan H. Moss (10267)
**ARMSTRONG TEASDALE LLP**
201 S. Main Street, Suite 750
Salt Lake City, Utah 84111
Telephone: (801) 401-1600
Email: bmoss@atllp.com

Patrick J. Kenny (38032MO)
(*pro hac vice forthcoming*)
Angela B. Kennedy (69167MO)
(*pro hac vice forthcoming*)
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile: (314) 621-5065
Email: pkenny@atllp.com
        akennedy@atllp.com

*Counsel for Defendants*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY,<br><br>            Plaintiff,<br><br>vs.<br><br>PARAMOUNT FINANCIAL SERVICES, INC. D/B/A LIVE ABUNDANT, EMRON ANDREW, AARON ANDREW, KARL NELSON, JEREMY WATSON, SHAREE ANDREW, GREGORY DUCKWITZ, AND J. SCOTT REYNOLDS,<br><br>            Defendants. | **ANSWER**<br><br>CASE NO: 2:21-cv-00585-JCB<br><br>Judge Jared C. Bennett |

Defendants Paramount Financial Services, Inc. d/b/a Live Abundant ("Paramount"),

Emron Andrew, Aaron Andrew, Karl Nelson, Jeremy Watson, Sharee Andrew, Gregory Duckwitz, and J. Scott Reynolds ("Defendants"), by their undersigned attorneys and for their Answer to Plaintiff Continental Casualty Company's  ("Continental") Petition for Declaratory Judgment, state and allege as follows:

1.      Continental brings this action to obtain a judicial determination and declaration with respect to the rights and obligations of the parties under Life Agent Professional Liability Policy No. 287287986 (the "Master Policy"), which Continental issued to Mercer Financial Services Professional Risk ("Mercer") and in which the Individual Insureds participate by virtue of Certificates of Insurance. A true and correct copy of the Master Policy (except for the application for the Master Policy) is attached as Exhibit 1. True and correct copies of the Individual Insureds' Certificates of Insurance (except for the applications for the Certificates of Insurance) are attached as Exhibit 2.

**ANSWER: Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that Continental's pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

2.      An actual, ripe, and justiciable controversy has arisen between the parties in regard to their respective rights and obligations under the Certificates of Insurance and the Master Policy.

**ANSWER: Defendants admit the allegations of Paragraph 2 of Plaintiff's Complaint.**

3.      Continental seeks a determination and declaration that the Master Policy does not provide coverage for the Paramount Claims (as hereinafter defined) because the Paramount Claims are not Claims for a Wrongful Act solely in rendering or failing to render Professional Services.

**ANSWER: Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that Continental's pleadings speak for themselves and are the best evidence of their terms. Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

4.      Continental also seeks a determination and declaration that the "Unregistered Security Exclusion" applies to preclude coverage under the Master Policy for the Paramount Claims.

**ANSWER: Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that Continental's pleadings speak for themselves and are the best evidence of their terms. Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

5.      Continental also seeks a determination and declaration that the "Transfer of Benefits Exclusion" applies to preclude coverage under the Master Policy for the FIP Claims (as hereinafter defined).

**ANSWER: Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that Continental's pleadings speak for themselves and are the best evidence of their terms. Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

6.      Continental also seeks a determination and declaration that the "Insolvency Exclusion" applies to preclude coverage under the Master Policy for the Woodbridge Claims (as hereinafter defined).

**ANSWER: Paragraph 6 contains legal conclusions to which no response is required.**

**To the extent a response is deemed necessary, Defendants admit that Continental's pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

7.      Alternatively, Continental seeks a determination and declaration by this Court that, to the extent that any coverage is available under the Master Policy for any of the Paramount Claims:

(i)      a single $1 million per **Claim** limit of liability applies to all of the FIP Claims against all of the Insureds because the FIP Claims are **Interrelated Claims;**

(ii)     a single $1 million per **Claim** limit of liability applies to all of the Woodbridge Claims against all of the Insureds because the Woodbridge Claims are **Interrelated Claims;**

(iii)    insofar as the Hybrid Lawsuit (as hereinafter defined) concerns Insureds' advice relating to investments in Future Income Payments, LLC ("FIP"), the Hybrid Lawsuit and the FIP Claims are **Interrelated Claims** and share the $1 million per **Claim** limit of liability applicable to all of the FIP Claims; and

(iv)     insofar as the Hybrid Lawsuit concerns Insureds' advice relating to investments in Woodbridge Group of Companies LLC ("Woodbridge"), the Hybrid Lawsuit and the Woodbridge Claims (as hereinafter defined), are **Interrelated Claims** and share the $1 million per **Claim** limit of liability applicable to all of the Woodbridge Claims.

**ANSWER: Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that Continental's pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

## RESPONSE TO PARTIES

8.    Plaintiff Continental is a corporation organized and existing under the laws of Illinois and maintains its principal place of business in Chicago, Illinois, and therefore is a citizen of Illinois. Continental legally transacts business in Utah and within the geographical jurisdiction of the United States District Court for the District of Utah.

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiff's Complaint and therefore deny the same.**

9.    Defendant Paramount is a corporation organized and existing under the laws of Utah and maintains its principal place of business in Salt Lake City, Utah, and therefore is a citizen of Utah.

**ANSWER: Defendants admit the allegations of Paragraph 9 of Plaintiff's Complaint.**

10.    Defendant Emron Andrew is a resident and citizen of Utah. At all times relevant to the subject matter of this action, Emron Andrew participated in the Master Policy by virtue of Certificates of Insurance providing continuous coverage from February 25, 2010 to February 25, 2019.

**ANSWER: Defendants admit the allegations of Paragraph 10 of Plaintiff's Complaint.**

11.    Defendant Aaron Andrew is a resident and citizen of Utah. At all times relevant to the subject matter of this action, Aaron Andrew participated in the Master Policy by virtue of Certificates of Insurance providing continuous coverage from February 24, 2010 to February 24, 2019.

**ANSWER: Defendants admit the allegations of Paragraph 11 of Plaintiff's Complaint.**

12.     Defendant Karl Nelson is a resident and citizen of Utah. At all times relevant to the subject matter of this action, Karl Nelson participated in the Master Policy by virtue of Certificates of Insurance providing continuous coverage from May 4, 2010 to May 4, 2019.

**ANSWER: Defendants admit the allegations of Paragraph 12 of Plaintiff's Complaint.**

13.     Defendant Jeremy Watson is a resident and citizen of Utah. At all times relevant to the subject matter of this action, Jeremy Watson participated in the Master Policy by virtue of Certificates of Insurance providing continuous coverage from August 5, 2015 to August 5, 2018.

**ANSWER: Defendants admit the allegations of Paragraph 13 of Plaintiff's Complaint.**

14.     Defendant Sharee Andrew is a resident and citizen of Utah. On information and belief, Sharee Andrew is the general agent of Paramount. At all times relevant to the subject matter of this action, Sharee Andrew participated in the Master Policy by virtue of Certificates of Insurance providing continuous coverage from February 24, 2010 to February 24, 2019.

**ANSWER: Defendants deny that Sharee Andrew is the general agent of Paramount, but admit the remaining allegations of Paragraph 14 of Plaintiff's Complaint.**

15.     Defendant Gregory Duckwitz is a resident and citizen of Utah. At all times relevant to the subject matter of this action, Gregory Duckwitz participated in the Master Policy by virtue of Certificates of Insurance providing continuous coverage from August 6, 2010 to August 6, 2019.

**ANSWER: Defendants admit the allegations of Paragraph 15 of Plaintiff's**

Complaint.

16.     Defendant J. Scott Reynolds is a resident and citizen of Utah. At all times relevant to the subject matter of this action, J. Scott Reynolds participated in the Master Policy by virtue of Certificates of Insurance providing continuous coverage from May 3, 2010 to May 3, 2019.

**ANSWER: Defendants admit the allegations of Paragraph 16 of Plaintiff's Complaint.**

## RESPONSE TO JURISDICTION AND VENUE

17.     This is an action for declaratory relief brought under Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, seeking the adjudication of an actual, ripe and justiciable controversy that has arisen between the parties, as described more fully below.

**ANSWER: Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that Continental's pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

18.     This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship between Continental, on the one hand, and the Insureds, on the other hand. The amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER: Defendants admit there is complete diversity between Continental, on the one hand, and the Insureds, on the other hand, and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

19.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this insurance coverage dispute occurred in this judicial district.

**ANSWER: Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiff's Complaint and therefore deny the same.**

## RESPONSE TO THE MASTER POLICY

20.     Continental issued the Master Policy to Mercer for the **Policy Period** incepting on October 1, 2008. *See* Exhibit 1, Master Policy, Declarations, Item 2.

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint. Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms. Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

21.     The Master Policy "shall remain continuously in effect until canceled by the Insurer or by the **Policyholder,**" in accordance with the Master Policy's terms. *See id.,* § VIII.

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint. Defendants further state that the Master Policy speaks for itself and is the**

best evidence of its terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.

22.    The Master Policy has a $1 million per **Claim** limit of liability and a $20 million **Policy Year** aggregate limit of liability, inclusive of **Defense Costs.** *See id.,* Declarations, as amended by Endorsement No. 1.

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint.  Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

23.    The Individual Insureds, each of whom was a Life Agent affiliated with Paramount, participate in the Master Policy by virtue of Certificates of Insurance issued to them. *See* Exhibit 2, Certificates of Insurance.

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of the documents included in Exhibit 2 to Plaintiff's Complaint and accordingly deny that the documents included in that Exhibit are true and accurate copy of the Individual Certificates referenced in the Complaint. Defendants further state that the Individual Certificates speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

24.     Each Individual Insured's Certificate of Insurance provides a $1 million per **Claim** and $3 million aggregate limit of liability and is "subject to all the terms, exclusions and conditions of" the Master Policy. *See id.*

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of the documents included in Exhibit 2 to Plaintiff's Complaint and accordingly deny that the documents included in that Exhibit are true and accurate copy of the Individual Certificates referenced in the Complaint. Defendants further state that the Individual Certificates speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

25.     A copy of the Master Policy was delivered to each of the Individual Insureds.

**ANSWER: Defendants deny the allegations in Paragraph 25 of Plaintiff's Complaint.**

26.     Subject to its terms, the Master Policy provides coverage for **Loss** that an **Insured** become legally obligated to pay resulting from a **Claim** for a **Wrongful Act** solely in rendering or failing to render **Professional Services.** *See* Exhibit 1, Master Policy, § I.

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint.  Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

27.    The Master Policy defines **Insured** to include an **Agent** or **General Agent,** which includes any corporation, partnership, or other business entity owned or controlled by a natural person **Agent** or **General Agent,** but solely with respect to the liability of such entity as it arises out of the rendering of or failing to render **Professional Services** by an **Insured Agent** or **General Agent.** *See id.,* § III, as amended by Endorsement No. 10.

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint.  Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

28.    The Master Policy defines **Wrongful Act** to mean a negligent act, error or omission of, or **Personal Injury** caused by, the **Insureds** in rendering or failing to render **Professional Services.** *See id.,* § III.

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint.  Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

29.    The Master Policy defines **Professional Services** to mean:

with respect to an **Agent** or **General Agent,** to the extent they are provided in the course and scope of such **Agent** or **General Agent's** business as an **Agent** or **General Agent** and

such **Agent** or **General Agent** has the appropriate license in both the **Client's** resident state or jurisdiction and the state or jurisdiction in which the business is conducted:

1. the sale, attempted sale or servicing of life insurance, accident and health insurance or managed health care organization contracts (that does not require a securities license);
2. the sale, attempted sale or servicing of disability income insurance (if purchased as indicated on the **Certificate of Insurance);**
3. the sale, attempted dale or servicing of indexed/fixed annuities (if purchased as indicated on the **Certificate of Insurance);**
4. services as a Notary Public;
5. financial planning activities in conjunction with services described in paragraphs 1. through 4. (if purchased) of this definition, whether or not a separate fee is charged;
6. the supervision, management and training of an **Agent** by a **General Agent** with respect to activities otherwise covered by this Policy.

*Id.*

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint. Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms. Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

30. The Master Policy provides that "[m]ore than one **Claim** involving the same **Wrongful Act** or **Interrelated Wrongful Acts** shall be considered as one **Claim.**" *Id.,* § VI.E.

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint. Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms. Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

31.     The Master Policy defines **Interrelated Wrongful Acts** to mean "any **Wrongful Acts** which are logically or causally connected by reason of any common fact, circumstance, situation, transaction or event." *Id.,* § III.

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint.  Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

32.     **Wrongful Act** means any negligent act, error or omission of the **Insureds** in rendering or failing to render **Professional Services.** *See id.*

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint.  Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

33.     The Master Policy provides:

The amount set forth as the **Policy Year** Per **Claim** Aggregate Limit of Liability in paragraph 1. of this Endorsement [$1,000,000] shall be the maximum Aggregate Limit of Liability of the Insurer for each **Claim,** regardless of the number of **Insureds, Certificates of Insurance, Claims** made, or persons or entities bringing such **Claims.**"

*Id.,* § VI, as amended by Endorsement No. 1.

**ANSWER: Defendants are without sufficient information or knowledge to form a**

belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint.  Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.

34.     The Master Policy excludes coverage for any **Loss** in connection with any **Claim** "based upon, directly or indirectly arising out of, or in any way involving the use of or investment in any security that is not registered with the Securities and Exchange Commission." *Id.,* § XVI.W (the "Unregistered Security Exclusion").

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint.  Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

35.     The Master Policy excludes coverage for any **Loss** in connection with any **Claim** "based upon, directly or indirectly arising out of, or in any way involving the actual or alleged sale, assignment or purchase of any stream of income or benefits originally payable to another person or entity, including but not limited to retirement, pension, disability, insurance or annuity benefits." *Id.,* Endorsement No. 24 (the "Transfer of Benefits Exclusion").

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and**

accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint.  Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.

36.   The Master Policy excludes coverage for any **Loss** in connection with any **Claim** "based upon, directly or indirectly arising out of, or in any way involving the insolvency, receivership, conservatorship, liquidation, bankruptcy or inability to pay of a natural person, entity, benefit plan, insurance company, managed health care organization, reinsurer, risk retention group or captive (or any self insurance plan or trust by whatsoever name), or limited partnership in which the **Insured** has placed business or obtained insurance coverage, or placed or recommended placement of the funds of a **Client;** however, notwithstanding the foregoing, the Insurer shall have the right and duty to defend the **Insured** in any suit alleging acts described above, provided the **Claim** arises from the **Insured's** placement of coverage with an admitted Insurer with an A.M. Best rating of 'A-' or better at the time of placement." *Id.,* § XVI.I (the "Insolvency Exclusion").

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint.  Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

37.     The Master Policy provides: "[T]he Insurer shall not be obligated to pay any **Loss** to defend or continue to defend any **Claim** after the applicable limit of the Insurer's liability has been exhausted by payment of **Loss.**" *Id.,* § II.A.1.

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint.  Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

38.     Subject to identified exceptions, the Master Policy defines **Loss** generally to include monetary settlements, monetary judgments and **Defense Costs** for which the **Insured** is legally obligated to pay on account of a covered **Claim.** *Id.,* § III.

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint.  Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

## RESPONSE TO THE FIP CLAIMS

39.     Beginning in 2018, a significant number of lawsuits and non-suited demands were brought against the Insureds concerning the Insureds' advice that their clients invest in "structured

cash flows" through Future Income Payments, LLC (collectively, the "FIP Claims"). A spreadsheet identifying the FIP Claims is attached as Exhibit 3.

**ANSWER: Defendants admit that certain claims and lawsuits have been directed against them and further state that the referenced demands and pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny the completeness or accuracy of the purported summary that is attached as Exhibit 3 to the Complaint as well as Plaintiff's characterization of allegations and legal theories in the referenced claims and lawsuits.**

40.     Each of the FIP Claims purports to be brought on behalf of one or more clients of one or more of the Insureds who invested in the "structured cash flows," which were funded by pension benefits owed to individual pensioners who received up-front, lump-sum payments from FIP in exchange for FIP receiving a portion of their monthly pension payments over a specific term.

**ANSWER: Defendants admit that certain claims and lawsuits have been directed against them and further state that the referenced demands and pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny the completeness or accuracy of the purported summary that is attached as Exhibit 3 to the Complaint as well as Plaintiff's characterization of allegations and legal theories in the referenced claims and lawsuits.**

41.     FIP came under scrutiny by numerous state and federal regulators for, among other things, making unlawful loans that may have violated usury laws.

**ANSWER: Defendants are without sufficient information to admit or deny the allegations in Paragraph 41, and therefore deny the same.**

42.     In or around April 2018, FIP ceased collecting payments from pensioners and, consequently, ceased making payments to the income stream investors.

**ANSWER: Defendants are without sufficient information to admit or deny the allegations in Paragraph 42, and therefore deny the same.**

43.     The FIP Claims challenge the Insureds' alleged advice that their clients invest in FIP, notwithstanding the risks, unpredictability, and potential illegality of the investments.

**ANSWER: Defendants admit that certain claims and lawsuits have been directed against them and further state that the referenced demands and pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny the completeness or accuracy of the purported summary that is attached as Exhibit 3 to the Complaint as well as Plaintiff's characterization of allegations and legal theories in the referenced claims and lawsuits.**

44.     The investments at issue in the FIP Claims were securities not registered with the Securities and Exchange Commission

**ANSWER: Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that certain claims and lawsuits have been directed against them and further state that the referenced demands and**

pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny the completeness or accuracy of the purported summary that is attached as Exhibit 3 to the Complaint as well as Plaintiff's characterization of allegations and legal theories in the referenced claims and lawsuits.

45.     Continental has been defending the Insureds in the FIP Claims subject to a reservation of rights.

**ANSWER: Defendants are without sufficient information to admit or deny the allegations in Paragraph 45, and therefore deny the same.**

<u>**RESPONSE TO THE WOODBRIDGE CLAIMS**</u>

46.     In 2019, David Shapiro, the former owner and CEO of Woodbridge, was criminally convicted of operating Woodbridge as a Ponzi scheme between 2012 and 2017, and was sentenced to prison for defrauding investors by falsely representing that their investments were backed by a secured interest in commercial real estate under development.

**ANSWER: Defendants are without sufficient information to admit or deny the allegations in Paragraph 46, and therefore deny the same.**

47.     Woodbridge filed for bankruptcy in December 2017.

**ANSWER: Defendants are without sufficient information to admit or deny the allegations in Paragraph 47, and therefore deny the same.**

48.     The lawsuit styled *Duennebeil v. Paramount Financial Services, Inc., d/b/a Live Abundant, et al.,* Case No. 180903806 (Dist. Ct., Salt Lake Cty., Utah) (the "Duennebeil Lawsuit" and, together with all other matters challenging any Insured's alleged advice relating to clients'

investments in Woodbridge, the "Woodbridge Claims") challenges various Insureds' alleged advice relating to their clients' purchase of securities in Woodbridge, notwithstanding that Woodbridge was operated as a Ponzi scheme.

**ANSWER: Defendants admit that certain claims and lawsuits have been directed against them and further state that the referenced demands and pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of allegations and legal theories in the referenced claims and lawsuits.**

49.     Each of the Woodbridge Claims purports to be brought on behalf of one or more clients of one or more of the Insureds who purchased securities in Woodbridge, none of which were registered with the Securities and Exchange Commission.

**ANSWER: Defendants admit that certain claims and lawsuits have been directed against them and further state that the referenced demands and pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of allegations and legal theories in the referenced claims and lawsuits.**

50.     According to the Order Instituting Administrative Proceedings Pursuant to Section 15(b) of the Securities Exchange Act of 1934, Making Findings, and Imposing Remedial Sanctions, entered on January 29, 2020, in *In the Matter of Paramount Financial Services, Inc. d/b/a Live Abundant,* Administrative Proceeding File No. 3-19680, before the Securities and Exchange Commission, a copy of which is attached as Exhibit 4, "between from at least November

2015 and July 2017, Live Abundant and [Aaron] Andrew offered and sold Woodbridge securities," and "[n]one of Woodbridge's securities offerings were registered with the Commission."

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 4 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Order referenced in the Complaint. Defendants further state that any Order entered by the Securities and Exchange Commission speaks for itself and is the best evidence of its terms. Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

51.     Continental has been defending the Insureds in the Woodbridge Claims, including the *Duennebeil* Lawsuit, subject to a reservation of rights.

**ANSWER: Defendants are without sufficient information to admit or deny the allegations in Paragraph 51, and therefore deny the same.**

## RESPONSE TO HYBRID LAWSUIT

52.     Numerous plaintiffs filed lawsuits against the Insureds that have been consolidated into the matter styled *Ababat, et al. v. Paramount Financial Services, Inc., et al.,* Case No. 190906436 (Dist. Ct., Salt Lake Cty., Utah) (the "Hybrid Lawsuit").

**ANSWER: Defendants admit the lawsuits Plaintiff refers to as the Hybrid Lawsuit have been filed against them and further state that the pleadings in those lawsuits speak for themselves and are the best evidence of their terms. Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of allegations and legal theories in the referenced lawsuits.**

53.     The Hybrid Lawsuit purports to be brought on behalf of clients of the Insureds.

**ANSWER: Defendants admit the lawsuits Plaintiff refers to as the Hybrid Lawsuit have been filed against them and further state that the pleadings in those lawsuits speak for themselves and are the best evidence of their terms. Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of allegations and legal theories in the referenced lawsuits.**

54.     Plaintiffs in the Hybrid Lawsuit "seek[] redress for the Plaintiffs who were harmed by retirement and financial planning activities Defendants provided to Plaintiffs."

**ANSWER: Defendants admit the lawsuits Plaintiff refers to as the Hybrid Lawsuit have been filed against them and further state that the pleadings in those lawsuits speak for themselves and are the best evidence of their terms. Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of allegations and legal theories in the referenced lawsuits.**

55.     Specifically, plaintiffs allege that each Insured negligently advised clients with respect to a "Life Insurance Retirement Strategy," involving the recommendation of "alternative funding mechanisms administered by third parties" to fund universal life insurance policies at a higher target level.

**ANSWER: Defendants admit the lawsuits Plaintiff refers to as the Hybrid Lawsuit have been filed against them and further state that the pleadings in those lawsuits speak for themselves and are the best evidence of their terms. Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of allegations and legal theories in the referenced lawsuits.**

56.     Additionally, plaintiffs allege that each Insured negligently advised clients with respect to an "Alternate Retirement Strategy," which the complaints describe as "an alternate retirement strategy wherein Plaintiffs would loan their money to a third party at a high interest rate, in return for monthly interest payments and a return of the principal loan at the end of the loan term."

**ANSWER: Defendants admit the lawsuits Plaintiff refers to as the Hybrid Lawsuit have been filed against them and further state that the pleadings in those lawsuits speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of allegations and legal theories in the referenced lawsuits.**

57.     The "Life Insurance Retirement Strategy" at issue in the Hybrid Lawsuit involves the Insureds' alleged advice that their clients purchase "structured cash flows" through FIP.

**ANSWER: Defendants admit the lawsuits Plaintiff refers to as the Hybrid Lawsuit have been filed against them and further state that the pleadings in those lawsuits speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of allegations and legal theories in the referenced lawsuits.**

58.     The "Alternate Retirement Strategy" at issue in the Hybrid Lawsuit involves the Insureds' alleged advice that their clients purchase investments in Woodbridge.

**ANSWER: Defendants admit the lawsuits Plaintiff refers to as the Hybrid Lawsuit have been filed against them and further state that the pleadings in those lawsuits speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein,**

**Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of allegations and legal theories in the referenced lawsuits.**

59.     Insofar as the Hybrid Lawsuit challenges Insureds' advice relating to their clients' investments in FIP, the Hybrid Lawsuit is included within the term "FIP Claims," as used herein.

**ANSWER: Paragraph 59 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit the lawsuits Plaintiff refers to as the Hybrid Lawsuit have been filed against them and further state that the pleadings in those lawsuits speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of allegations and legal theories in the referenced lawsuits.**

60.     Insofar as the Hybrid Lawsuit challenges Insureds' advice relating to their clients' investments in Woodbridge, the Hybrid Lawsuit is included within the term "Woodbridge Claims," as used herein.

**ANSWER: Paragraph 60 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit the lawsuits Plaintiff refers to as the Hybrid Lawsuit have been filed against them and further state that the pleadings in those lawsuits speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of allegations and legal theories in the referenced lawsuits.**

61.     Continental has been defending the Insureds in the Hybrid Lawsuit subject to a reservation of rights.

**ANSWER: Defendants are without sufficient information to admit or deny the**

allegations in Paragraph 61, and therefore deny the same.

<u>**RESPONSE TO COVERAGE COMMUNICATIONS**</u>

62.     Continental communicated to the Insureds its position concerning the maximum extent of potential coverage available under the Master Policy for the FIP Claims and the Woodbridge Claims (collectively, the "Paramount Claims"). Continental also communicated that (i) the Paramount Claims are not **Claims** for a **Wrongful Act** solely in rendering or failing to render **Professional Services;** (ii) the Unregistered Security Exclusion bars coverage for the Paramount Claims; (iii) the Transfer of Benefits Exclusion bars coverage for the FIP Claims; and (iv) the Insolvency Exclusion bars coverage for the Woodbridge Claims.

**ANSWER: Defendants admit Continental made certain communications to Defendants and further state that said communications speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

63.     Continental nonetheless agreed to provide the Insureds with a defense in the Paramount Claims, subject to a full and complete reservation of its rights under the Master Policy and at law.

**ANSWER: Defendants admit Continental made certain communications to Defendants and further state that said communications speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

<u>**COUNT I**</u>
**For a declaration that the Master Policy does not provide coverage for the Paramount Claims because the Paramount Claims are not Claims for a Wrongful Act solely in rendering or failing to render Professional Services**

64.     Continental incorporates by reference the allegations set forth in Paragraphs 1 through 63 of the Complaint as if fully restated in this Count I.

**ANSWER: Defendants incorporate and re-allege their responses to Paragraphs 1 through 63 of the Complaint as if fully set forth herein.**

65.     Subject to its terms, the Master Policy provides coverage only for **Loss** that an **Insured** become legally obligated to pay resulting from a **Claim** for a **Wrongful Act** solely in rendering or failing to render **Professional Services.** *See* Exhibit 1, Master Policy, § I.

**ANSWER: Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint.  Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

66.     The Master Policy defines **Wrongful Act** to mean a negligent act, error or omission of, or **Personal Injury** caused by, the **Insureds** in rendering or failing to render **Professional Services.** *See id.,* § III.

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint.  Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms.  Except as so expressly admitted herein, Defendants deny the**

allegations in this paragraph.

67.    The FIP Claims involve Insureds' alleged acts, errors or omissions concerning investments in "structured cash flows," and the Woodbridge Claims involve Insureds' alleged acts, errors or omissions concerning investments in securities of Woodbridge.

**ANSWER: Paragraph 67 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that certain claims and lawsuits have been directed against them and further state that the referenced demands and pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of allegations and legal theories in the referenced claims and lawsuits.**

68.    The Paramount Claims are not "for a **Wrongful Act** solely in rendering or failing to render **Professional Services"** because they do not concern (i) the sale, attempted sale or servicing of life insurance, accident and health insurance or managed health care organization contracts (that does not require a securities license); (ii) the sale, attempted sale or servicing of disability income insurance; (iii) the sale, attempted dale or servicing of indexed/fixed annuities; (iv) services as a Notary Public; (v) financial planning activities in conjunction with the previously identified services; or (vi) the supervision, management and training of an **Agent** by a **General Agent** with respect to activities otherwise covered by the Policy.

**ANSWER: Paragraph 68 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that certain claims and lawsuits have been directed against them and further state that the referenced demands and**

pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of allegations and legal theories in the referenced claims and lawsuits.

69.    Continental therefore is entitled to a declaration that the Master Policy does not provide coverage for the Paramount Claims because the Paramount Claims are not **Claims** for a **Wrongful Act** solely in rendering or failing to render **Professional Services.**

**ANSWER: Paragraph 69 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations made in Paragraph 69.**

### COUNT II
### For a declaration that the Unregistered Security Exclusion
### precludes coverage for the Paramount Claims

70.    Continental incorporates by reference the allegations set forth in Paragraphs 1 through 69 of the Complaint as if fully restated in this Count II.

**ANSWER: Defendants incorporate and re-allege their responses to Paragraphs 1 through 69 of the Complaint as if fully set forth herein.**

71.    The Unregistered Security Exclusion excludes coverage for any **Loss** in connection with any **Claim** "based upon, directly or indirectly arising out of, or in any way involving the use of or investment in any security that is not registered with the Securities and Exchange Commission." Exhibit 1, Master Policy, § XVI.W.

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and**

accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint.  Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.

72.    The investments at issue in the FIP Claims were securities not registered with the Securities and Exchange Commission.

**ANSWER: Paragraph 72 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that certain claims and lawsuits have been directed against them and further state that the referenced demands and pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of particular investments at issue in the referenced claims and lawsuits.**

73.    The investments at issue in the Woodbridge Claims were securities not registered with the Securities and Exchange Commission.

**ANSWER: Paragraph 73 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that certain claims and lawsuits have been directed against them and further state that the referenced demands and pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of particular investments at issue in the referenced claims and lawsuits.**

74.     The Paramount Claims are based upon, directly or indirectly arising out of, or in any way involving the use of or investment in any security that is not registered with the Securities and Exchange Commission.

**ANSWER: Paragraph 74 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that certain claims and lawsuits have been directed against them and further state that the referenced demands and pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of allegations and legal theories in the referenced claims and lawsuits.**

75.     Continental therefore is entitled to a declaration that the Unregistered Security Exclusion precludes coverage for the Paramount Claims.

**ANSWER: Paragraph 75 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations made in Paragraph 75.**

**COUNT III**
**For a declaration that the Transfer of Benefits Exclusion**
**precludes coverage for the FIP Claims**

76.     Continental incorporates by reference the allegations set forth in Paragraphs 1 through 75 of the Complaint as if fully restated in this Count III.

**ANSWER: Defendants incorporate and re-allege their responses to Paragraphs 1 through 75 of the Complaint as if fully set forth herein.**

77.     The Transfer of Benefits Exclusion excludes coverage for any **Loss** in connection with any **Claim** "based upon, directly or indirectly arising out of, or in any way involving the actual or alleged sale, assignment or purchase of any stream of income or benefits originally payable to another person or entity, including but not limited to retirement, pension, disability, insurance or annuity benefits." Master Policy, Endorsement No. 24.

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint.  Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms.   Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

78.     The FIP Claims are brought on behalf of clients of the Insureds who allegedly purchased "structured cash flows" in FIP.

**ANSWER: Paragraph 78 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that certain claims and lawsuits have been directed against them and further state that the referenced demands and pleadings speak for themselves and are the best evidence of their terms.   Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of particular investments at issue in the referenced claims and lawsuits.**

79.     The structured cash flows were funded by pension benefits owed to individual pensioners who received up-front, lump-sum payments from FIP in exchange for FIP receiving a portion of their monthly pension payments over a specific term.

**ANSWER: Paragraph 79 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that certain claims and lawsuits have been directed against them and further state that the referenced demands and pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of particular investments at issue in the referenced claims and lawsuits.**

80.     The FIP Claims are "based upon, directly or indirectly arising out of, or in any way involving the actual or alleged sale, assignment or purchase of any stream of income or benefits originally payable to another person or entity, including but not limited to retirement, pension, disability, insurance or annuity benefits."

**ANSWER: Paragraph 80 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that certain claims and lawsuits have been directed against them and further state that the referenced demands and pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of particular investments at issue in the referenced claims and lawsuits.**

81.     Continental therefore is entitled to a declaration that the Transfer of Benefits Exclusion precludes coverage for the FIP Claims.

**ANSWER: Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations made in Paragraph 81.**

### COUNT IV
### For a declaration that the Insolvency Exclusion precludes coverage for the Woodbridge Claims

82.     Continental incorporates by reference the allegations set forth in Paragraphs 1 through 81 of the Complaint as if fully restated in this Count IV.

**ANSWER: Defendants incorporate and re-allege their responses to Paragraphs 1 through 81 of the Complaint as if fully set forth herein.**

83.     Pursuant to the Insolvency Exclusion, coverage is not available for any **Loss** in connection with any **Claim** "based upon, directly or indirectly arising out of, or in any way involving the…bankruptcy or inability to pay of a[n]…entity…in which the **Insured** has placed business or…placed or recommended placement of the funds of a **Client….**" Master Policy, § XVI.I.

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint. Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms. Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

84.     The Woodbridge Claims are "based upon, directly or indirectly arising out of, or in any way involving the…bankruptcy or inability to pay of a[n]…entity…in which the **Insured** has placed business or…placed or recommended placement of the funds of a **Client….**"

**ANSWER: Defendants admit that certain claims and lawsuits have been directed against them and further state that the referenced demands and pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of allegations and legal theories in the referenced claims and lawsuits.**

85.     Namely, the Woodbridge Claims are "based upon, directly or indirectly arising out of, or in any way involving" the bankruptcy or inability to pay of Woodbridge, which is an entity in which the **Insureds** placed business or placed or recommended placement of funds of their **Clients.**

**ANSWER: Defendants admit that certain claims and lawsuits have been directed against them and further state that the referenced demands and pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of allegations and legal theories in the referenced claims and lawsuits.**

86.     Continental therefore is entitled to a declaration that the Insolvency Exclusion precludes coverage for the Woodbridge Claims.

**ANSWER: Paragraph 86 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations made in Paragraph 86.**

**COUNT V**
**Alternatively, for a declaration that the FIP Claims are Interrelated Claims to which a single $1 million per Claim limit of liability applies under the Master Policy**

87.     Continental incorporates by reference the allegations set forth in Paragraphs 1 through 86 of the Complaint as if fully restated in this Count V.

**ANSWER: Defendants incorporate and re-allege their responses to Paragraphs 1 through 86 of the Complaint as if fully set forth herein.**

88.     The FIP Claims challenge the Insureds' alleged advice that their clients invest in FIP, notwithstanding the risks, unpredictability, and potential illegality of the structured pension cash flow products.

**ANSWER: Paragraph 88 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that certain claims and lawsuits have been directed against them and further state that the referenced demands and pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of particular investments at issue in the referenced claims and lawsuits.**

89.     The FIP Claims involve alleged acts, errors or omissions that are "logically connected to each other by reason of any common fact, circumstance, situation, transaction or event."

**ANSWER: Paragraph 89 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 89 of Plaintiff's Complaint.**

90.     As such, the FIP Claims involve **Interrelated Wrongful Acts** and, so, "shall be considered as one **Claim.**"

**ANSWER: Paragraph 90 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations made in Paragraph 90 of Plaintiff's Complaint.**

91.     The Master Policy provides a $1 million limit of liability for each **Claim,** "regardless of the number of Insureds, Certificates of Insurance, Claims made, or persons or entities bringing such Claims."

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint.  Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

92.     Continental therefore is entitled to a declaration that the FIP Claims are **Interrelated Claims** to which a single $1 million per **Claim** limit of liability applies under the Master Policy.

**ANSWER: Paragraph 92 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations made in Paragraph 92.**

**COUNT VI**
**Alternatively, for a declaration that the Woodbridge Claims are Interrelated Claims to which a single $1 million per Claim limit of liability applies under the Master Policy**

93.     Continental incorporates by reference the allegations set forth in Paragraphs 1 through 92 of the Complaint as if fully restated in this Count VI.

**ANSWER: Defendants incorporate and re-allege their responses to Paragraphs 1 through 92 of the Complaint as if fully set forth herein.**

94.     The Woodbridge Claims challenge the Insureds' alleged advice that their clients invest in Woodbridge, a company operated as a Ponzi scheme that ultimately filed for bankruptcy in December 2017.

**ANSWER: Paragraph 94 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that certain claims and lawsuits have been directed against them and further state that the referenced demands and pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of allegations and legal theories in the referenced claims and lawsuits.**

95.     The Woodbridge Claims involve alleged acts, errors or omissions that are "logically connected to each other by reason of any common fact, circumstance, situation, transaction or event."

**ANSWER: Paragraph 95 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that certain claims and lawsuits have been directed against them and further state that the referenced demands and pleadings speak for themselves and are the best evidence of their terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically**

deny Plaintiff's characterization of allegations and legal theories in the referenced claims and lawsuits.

96.     Accordingly, the Woodbridge Claims involve **Interrelated Wrongful Acts** and, so, "shall be considered as one **Claim.**"

**ANSWER: Paragraph 96 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations made in Paragraph 96 of Plaintiff's Complaint.**

97.     The Master Policy provides a $1 million Limit of Liability for each **Claim,** "regardless of the number of Insureds, Certificates of Insurance, Claims made, or persons or entities bringing such Claims."

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint.  Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

98.     Continental therefore is entitled to a declaration that the Woodbridge Claims are **Interrelated Claims** to which a single $1 million per **Claim** limit of liability applies under the Master Policy.

**ANSWER: Paragraph 98 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations made in Paragraph 98.**

**COUNT VII**
**Alternatively, for a declaration that, insofar as the Hybrid Lawsuit involves Insureds'**
**advice relating to investments in FIP, the Hybrid Lawsuit and the FIP Claims are**
**Interrelated Claims to which the single $1 million per Claim limit of liability applicable to**
**the FIP Claims applies**

99.     Continental incorporates by reference the allegations set forth in Paragraphs 1
through 98 of the Complaint as if fully restated in this Count VII.

**ANSWER: Defendants incorporate and re-allege their responses to Paragraphs 1**
**through 98 of the Complaint as if fully set forth herein.**

100.    The Hybrid Lawsuit involves: (1) the Insureds' alleged advice that their clients
invest in FIP, and (2) the Insureds' alleged advice that their clients invest in Woodbridge.

**ANSWER: Paragraph 100 contains legal conclusions to which no response is**
**required. To the extent a response is deemed necessary, Defendants admit the lawsuits**
**Plaintiff refers to as the Hybrid Lawsuit have been filed against them and further state that**
**the pleadings in those lawsuits speak for themselves and are the best evidence of their terms.**
**Except as so expressly admitted herein, Defendants deny the allegations in this paragraph**
**and specifically deny Plaintiff's characterization of allegations and legal theories in the**
**referenced lawsuits.**

101.    Insofar as the Hybrid Lawsuit involves the Insureds' alleged advice that their clients
invest in FIP, the Hybrid Lawsuit and the FIP Claims involve alleged acts, errors or omissions that
are "logically connected to each other by reason of any common fact, circumstance, situation,
transaction or event."

**ANSWER: Paragraph 101 contains legal conclusions to which no response is**
**required. To the extent a response is deemed necessary, Defendants deny the allegations**

made in Paragraph 101 of Plaintiff's Complaint.

102.    As such, insofar as the Hybrid Lawsuit involves the Insureds' alleged advice that their clients invest in FIP, the Hybrid Lawsuit and the FIP Claims involve **Interrelated Wrongful Acts** and, so, "shall be considered as one **Claim.**"

**ANSWER: Paragraph 102 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations made in Paragraph 102 of Plaintiff's Complaint.**

103.    The Master Policy provides a $1 million Limit of Liability for each **Claim,** "regardless of the number of Insureds, Certificates of Insurance, Claims made, or persons or entities bringing such Claims."

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint.  Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

104.    Continental therefore is entitled to a declaration that, insofar as the Hybrid Lawsuit involves the Insureds' alleged advice that their clients invest in FIP, the Hybrid Lawsuit and the FIP Claims are **Interrelated Claims** to which the single $1 million per **Claim** limit of liability applicable to the FIP Claims applies.

**ANSWER: Paragraph 104 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations**

made in Paragraph 104.

## COUNT VIII
**Alternatively, for a declaration that, insofar as the Hybrid Lawsuit involves insureds' advice relating to investments in Woodbridge, the Hybrid Lawsuit and the Woodbridge Claims are Interrelated Claims to which the single $1 million per Claim limit of liability applicable to the Woodbridge Claims applies**

105.     Continental incorporates by reference the allegations set forth in Paragraphs 1 through 104 of the Complaint as if fully restated in this Count VIII.

**ANSWER: Defendants incorporate and re-allege their responses to Paragraphs 1 through 104 of the Complaint as if fully set forth herein.**

106.     The Hybrid Lawsuit involves: (1) the Insureds' alleged advice that their clients invest in FIP, and (2) the Insureds' alleged advice that their clients invest in Woodbridge.

**ANSWER: Paragraph 106 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit the lawsuits Plaintiff refers to as the Hybrid Lawsuit have been filed against them and further state that the pleadings in those lawsuits speak for themselves and are the best evidence of their terms. Except as so expressly admitted herein, Defendants deny the allegations in this paragraph and specifically deny Plaintiff's characterization of allegations and legal theories in the referenced lawsuits.**

107.     Insofar as the Hybrid Lawsuit involves the Insureds' alleged advice that their clients invest in Woodbridge, the Hybrid Lawsuit and the Woodbridge Claims involve alleged acts, errors or omissions that are "logically connected to each other by reason of any common fact, circumstance, situation, transaction or event."

**ANSWER: Paragraph 107 contains legal conclusions to which no response is**

required. To the extent a response is deemed necessary, Defendants deny the allegations made in Paragraph 107 of Plaintiff's Complaint.

108.    As such, insofar as the Hybrid Lawsuit involves the Insureds' alleged advice that their clients invest in Woodbridge, the Hybrid Lawsuit and the Woodbridge Claims involve **Interrelated Wrongful Acts** and, so, "shall be considered as one **Claim.**"

**ANSWER: Paragraph 108 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations made in Paragraph 108 of Plaintiff's Complaint.**

109.    The Master Policy provides a $1 million Limit of Liability for each **Claim,** "regardless of the number of Insureds, Certificates of Insurance, Claims made, or persons or entities bringing such Claims."

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the completeness or authenticity of Exhibit 1 to Plaintiff's Complaint and accordingly deny that the same is a true and accurate copy of the Master Policy referenced in the Complaint.  Defendants further state that the Master Policy speaks for itself and is the best evidence of its terms.  Except as so expressly admitted herein, Defendants deny the allegations in this paragraph.**

110.    Continental therefore is entitled to a declaration that, insofar as the Hybrid Lawsuit involves the Insureds' alleged advice that their clients invest in Woodbridge, the Hybrid Lawsuit and the Woodbridge Claims are **Interrelated Claims** to which the single $1 million per **Claim** limit of liability applicable to the Woodbridge Claims applies.

**ANSWER: Paragraph 110 contains legal conclusions to which no response is**

**required. To the extent a response is deemed necessary, Defendants deny the allegations made in Paragraph 110.**

<u>**RESPONSE TO PRAYER FOR RELIEF**</u>

**ANSWER: Defendants deny each and every one of Continental's prayers for relief.**

<u>**ADDITIONAL AND AFFIRMATIVE DEFENSES**</u>

Defendants assert the following Additional and Affirmative Defenses to the Complaint:

1.      Defendants deny all allegations in Plaintiff's Complaint that are not specifically admitted herein.

2.      Plaintiff's claims against Defendants fail to state a claim upon which relief may be granted against Defendants.

3.      Plaintiff's claims are barred or, alternatively, must be interpreted in Defendants' favor pursuant to the reasonable expectations and/or illusory coverage doctrines.

4.      Plaintiff's claims are barred or, alternatively, must be interpreted in Defendants' favor because one or more of the provisions upon which Plaintiff bases its claims are uncertain and ambiguous.

5.      Plaintiff's claims against Defendants are barred in whole or in part by the doctrines of waiver and estoppel because Plaintiff voluntarily participated in the defense of Defendants without adequately preserving the bases upon which Plaintiff now seeks relief.

6.      Defendants' investigation is ongoing and they reserve the right to assert further defenses that may arise that may arise through investigation and discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully request the Court to dismiss all claims in Plaintiff's Complaint, to award Defendants their costs, and to grant Defendants such other relief as the Court deems just and proper.

*/s/ Brennan H. Moss*_____
Brennan H. Moss